UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Nichols Kaster, PLLP and Cohen Milstein Sellers & Toll PLLC,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Department of Labor,<br><br>Defendant. | Case No. :<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs Nichols Kaster, PLLP ("NKA") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") (collectively, "Plaintiffs") seek injunctive and other appropriate relief for the processing and release of agency records requested by Plaintiffs and withheld by Defendant U.S. Department of Labor ("DOL").

## JURISDICTION

2. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) ("FOIA").

3. Venue is proper in the United States District Court, District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff Nichols Kaster, PLLP is a corporation established under the laws of the State of Minnesota, with offices in Minneapolis, Minnesota and San Francisco, California. NKA

is a plaintiffs' employment litigation law firm primarily representing the interests of employees for claims arising under state and federal laws, including wage and hour violations of the Fair Labor Standards Act ("FLSA").

5.      Plaintiff Cohen Milstein is a corporation established under the laws of the District of Columbia, with offices in Washington, DC; Chicago, Illinois; New York, New York; Philadelphia, Pennsylvania; Denver Colorado; Raleigh, North Carolina; and Palm Beach Gardens, Florida.  Cohen Milstein is a plaintiffs' litigation law firm that represents the interest of employees for claims arising under state and federal laws, including wage and hour violations of the Fair Labor Standards Act ("FLSA").

6.      The DOL is a federal government agency responsible for administering and interpreting federal labor law. The DOL is an "agency" within the meaning of 5. U.S.C. § 552(f).

## FACTUAL ALLEGATIONS

7.      By letter sent via U.S. mail to Defendant's office at the Wage & Hour Division, 200 Constitution Avenue, N.W., Washington D.C. 20310 on April 24, 2017 ("FOIA Request"), Plaintiffs requested under FOIA the following records related to companionship services, also referred to as home care services, as defined by 29 C.F.R. § 552.6:

    a. All documents or other records containing information about third-party intermediaries who facilitate the provision of direct care services by performing any of the tasks with respect to direct care workers as set out below. Third party intermediaries include, but are not limited to, any nongovernmental person, company, or other business entity that facilitates the provision of home care services but is not the consumer of such services. Such third party intermediaries often provide financial management services in consumer directed home care

    programs funded through a state agency, often under Medicaid or state funded programs;

  b. Any document or record that included the delivery or management of home care services through managed care companies. Managed care companies are entities that are contracted by state agencies to coordinate and manage the delivery of health care services to eligible recipients, often through Medicaid programs. The services provided by these managed care companies may include home care services such as assistance with activities of daily living and instrumental activities of daily living. By way of illustration Humana, Inc., through its subsidiary, Humana at Home, Inc. is one such managed care company, contracted by agencies in Connecticut to provide, home care services; and

  c. Any document or record referencing any company that sells franchises that provide home care services. These include but are not limited to Home Instead, Interim, Visiting Angels, and Right At Home.

A true and correct copy of the FOIA Request is attached as **Exhibit A**.

  8. By an email to Plaintiffs dated May 30, 2017, the DOL acknowledged that it received Plaintiffs' FOIA Request described in ¶ 7, *supra*. The FOIA Request has been designated tracking number 831371 by the DOL.

  9. On June 22, Michael Hancock, Of Counsel at Plaintiff Cohen Milstein, spoke with Maria Moreno, an employee of the DOL, about the FOIA Request. This conversation involved Hancock describing the FOIA Request in great detail and a discussion regarding where within the DOL the information Plaintiffs seek through their FOIA Request may be filed or maintained.

10. The DOL's FOIA Public Portal states that the Estimated Date to Complete Action was June 30, 2016.

11. To date, the DOL has not disclosed any records responsive to Plaintiffs' FOIA Request nor has sent any correspondence to Plaintiffs informing them of the DOL's need for an extension of time to process the FOIA Request.

## CAUSES OF ACTION

12. Plaintiffs incorporate the foregoing paragraphs of their Complaint by reference.

13. Through Plaintiffs' FOIA Requests, Plaintiffs properly requested records that are in the custody and/or control of Defendant.

14. Defendant has far exceeded the 20-working day statutory time limit for the processing of FOIA requests required by 5 U.S.C. § 552(a)(6)(A).

15. Plaintiffs have a statutory right to the records sought in their requests and Defendant has violated Plaintiffs' right to its records under 5 U.S.C. § 552.

16. Defendant's failure to conduct a reasonable search for records responsive to Plaintiffs' FOIA Request is a violation of FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(3)(C), and (a)(6)(A).

17. Defendant's failure to release responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A).

18. Plaintiffs have and/or are deemed to have exhausted all required administrative remedies with respect to their FOIA Request.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Order Defendant to conduct a reasonable search for all records responsive to Plaintiffs' FOIA Request, and to immediately disclose all records or portions of records responsive to the FOIA Request in their entirety that are non-exempt from FOIA.

2. Issue a declaratory judgment that Plaintiffs are entitled to disclosure of the records responsive to Plaintiffs' FOIA Request.

3. Enjoin Defendant from continuing to withhold responsive, non-exempt records or portions of records from Plaintiffs.

4. Provide for expeditious proceedings of this action;

5. Award Plaintiffs costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552 (a)(4)(E); and

6. Grant any other relief the Court deems just and proper.

Dated:  February 7, 2018               Respectfully Submitted,

                                                  NICHOLS KASTER, PLLP

<u>s/Jason D. Friedman</u>
Jason D. Friedman (MD #18896)
    jfriedman@nka.com
James H. Kaster (MN #53946)*
    kaster@nka.com
Lindsey E. Krause (MN #398431)*
    lkrause@nka.com
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878

**pro hac vice* admission forthcoming

ATTORNEYS FOR PLAINTIFFS